**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| **JAMES SKINNER and NORMAN CREWS, JR., Individually and on behalf of all others similarly situated,** | **Case No. ______________________** |
| ***Plaintiffs*,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **COASTAL WASTE & RECYCLING, INC.** | |
| ***Defendant*.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs—James Skinner and Norman Crews, Jr.—bring this action individually and on behalf of all current and former Waste Disposal Drivers (collectively, "Plaintiffs and the Putative Collective Members"), who worked for Defendant—Coastal Waste & Recycling, Inc. ("Coastal Waste")—anywhere in the United States, at any time during the relevant statute of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiffs and the Putative Collective Members are those similarly situated persons who worked for Coastal Waste at any time during the relevant statute of limitations through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of overtime, in violation of federal law.

3. Although Plaintiffs and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective Members were not paid overtime of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period(s), Coastal Waste knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

5. Specifically, Coastal Waste's regular practice—including during weeks when Plaintiffs and the Putative Collective Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiffs and the Putative Collective Members' wages for a meal break they did not receive.

6. The effect of Coastal Waste's practices was (and is) that all compensable time worked by Plaintiffs and the Putative Collective Members was not (and is not) counted and paid; thus, Coastal Waste has failed to properly compensate Plaintiffs and the Putative Collective Members for all hours worked and has failed to properly compensate them for the proper amount of overtime under the FLSA.

7. In addition to failing to pay for all hours worked, Coastal Waste paid some of its Drivers, including Plaintiff Skinner, a piece rate only, with no overtime compensation paid for hours worked over forty (40) in a workweek.

8. Coastal Waste knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

9. Plaintiffs and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

10. Plaintiffs and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiffs also pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

12. Plaintiff James Skinner ("Skinner") was employed by Coastal Waste in Florida, during the relevant time period(s). Plaintiff Skinner did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. Plaintiff Norman Crews, Jr. ("Crews"), was employed by Coastal Waste in Florida, during the relevant time period(s). Plaintiff Crews did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

14. The FLSA Collective Members are those current and former Waste Disposal Drivers who were employed by Coastal Waste at any time from November 11, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

15. Defendant Coastal Waste & Recycling, Inc. is a domestic for-profit corporation, that is headquartered in, and licensed to do business in, the State of Florida, and may be served through

[1] The written consent of James Skinner is attached hereto as Exhibit "A."

[2] The written consent of Norman Crews, Jr. is attached hereto as Exhibit "B."

its registered agent for service of process: **Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525**.

## III.
## JURISDICTION & VENUE

16. This Court has federal question jurisdiction over Plaintiffs' claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

17. Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

18. This Court has general personal jurisdiction over Coastal Waste because Florida qualifies as its home state.

19. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Florida because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Specifically, Coastal Waste's corporate headquarters are in Boca Raton, Florida, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

21. Defendant Coastal Waste is a full-service solid waste company providing waste collection, recycling, and disposal services to commercial, industrial, and residential customers throughout the Southeastern United States.[3]

22. To provide its services, Coastal Waste employed (and continues to employ) numerous non-exempt Waste Disposal Drivers—including Plaintiffs and the individuals that make up the putative collective.

---

[3] https://www.coastalwasteinc.com/history/.

23. Plaintiffs and the Putative Collective Members were employed by Coastal Waste as non-exempt Waste Disposal Drivers who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

24. Plaintiff Skinner, and some Putative Collective Members, were not paid any overtime at all.

25. Instead, Plaintiff Skinner, and some Putative Collective Members, were paid a flat piece rate or "by the yard" regardless of the number of hours over forty (40) they worked in a workweek.

26. Plaintiffs and the Putative Collective Members' job duties include the collection, transportation, and disposal of residential and commercial waste on behalf of Coastal Waste's customers.

27. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as Coastal Waste) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Collective Members.

29. Plaintiff Skinner was employed by Coastal Waste as a Waste Disposal Driver in Florida from approximately January 2021 to May 2024.

30. Plaintiff Crews was employed by Coastal Waste as a Waste Disposal Driver in Florida from approximately April 2024 to October 2024.

31. During their employment with Coastal Waste, Plaintiffs and the Putative Collective Members typically worked (5) to six (6) days a week, and approximately ten (10) to twelve (12) hours per day.

32. Plaintiffs and the Putative Collective Members are similarly situated with respect to their job duties and the policies (and practices) of Coastal Waste resulting in the complained of FLSA violations.

33. Plaintiffs and the Putative Collective Members are similarly situated with respect to their job duties – that is they are (or were) responsible for the collection, transportation, and disposal of residential and commercial waste on behalf of Coastal Waste's customers.

34. Plaintiffs and the Putative Collective Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on either an hourly rate or by the piece, and Coastal Waste automatically deducted (and continues to deduct) thirty (30) minutes for a meal period each workday.

35. Plaintiffs and the Putative Collective Members are similarly situated with respect to the policies (and practices) of Coastal Waste resulting in the complained of FLSA violations.

**Unpaid Meal Breaks**

36. Plaintiffs and the Putative Collective Members are similarly situated with respect to their pay structure in that they all have meal breaks automatically deducted from their daily time.

37. Plaintiffs and the Putative Collective Members typically worked five (5) to six (6) days a week, and approximately ten (10) to twelve (12) hours per day—these are referred to as "on-the-clock" hours.

38. In addition to their "on-the-clock" hours, Plaintiffs and the Putative Collective Members regularly worked between two-and one-half to three hours "off-the-clock" per week and have not been compensated for that time.

39. Coastal Waste has a policy to automatically deduct one 30-minute meal period from Plaintiffs and the Putative Collective Members' daily time regardless of whether they perform compensable work during such "breaks."

40. Despite automatically deducting thirty (30) minutes from Plaintiffs and the Putative Collective Members' time each shift, Plaintiffs and the Putative Collective Members did not take a thirty (30) minute meal break.

41. Coastal Waste was (and continues to be) aware that Plaintiffs and the Putative Collective Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

42. Coastal Waste benefitted from Plaintiffs and the Putative Collective Members' free labor, as Plaintiffs and the Putative Collective Members typically worked throughout their entire shift without taking a break.

43. Coastal Waste knew Plaintiffs and the Putative Collective Members did not take breaks because Plaintiffs and the Putative Collective Members did not state they took a break on their route sheet.

44. On information and belief, Coastal Waste also engaged in continuous monitoring of Plaintiffs and the Putative Collective Members vehicles and therefore had actual knowledge that Plaintiffs and the Putative Collective Members were not taking their 30-minute meal period breaks.

45. Coastal Waste's thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiffs and the Putative Collective Members working overtime hours for which they were (and are) not compensated at the rates required by the FLSA.

**Piece Rate Violations**

46. Plaintiff Skinner, and some Putative Collective Members, were paid a flat piece rate and were not paid any overtime compensation despite working fifty (50) to seventy-two (72) hours a week. Instead, they were paid "by the yard" or some other metric, only.

47. Plaintiff Skinner was paid $1 per yard.

48. Plaintiff Skinner and the Putative Collective Members who were paid a piece rate would clock in and clock out utilizing Coastal Waste's time clocks and were subject to the same automatic meal-break deductions.

49. Coastal Waste tracked Plaintiff Skinner and these Putative Collective Members' daily time and was aware these individuals were working significant overtime hours each workweek.

50. Despite knowing Plaintiff Skinner and these Putative Collective Members were working significant amounts of overtime each week, Coastal Waste failed to pay them time and one half their regular rate, as required by the FLSA.

51. As a result of Coastal Waste's failure to compensate Plaintiffs and the Putative Collective Members for compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiffs and the Putative Collective Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

52. Coastal Waste's failure to compensate Plaintiffs and the Putative Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA.

53. Coastal Waste knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA.

54. Coastal Waste knew or should have known that its failure to pay the correct amount of overtime to Plaintiffs and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Collective Members.

55. Coastal Waste knew or should have known that not compensating Plaintiffs and the Putative Collective Members for all overtime hours worked did cause, and continues to cause, financial injury to Plaintiffs and the Putative Collective Members.

56. Because Coastal Waste did not pay Plaintiffs and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Coastal Waste's pay policies and practices willfully violated (and continue to violate) the FLSA.

57. Plaintiffs and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## V.
## CAUSE OF ACTION
## (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

58. The preceding paragraphs are incorporated as though fully set forth herein.

59. The FLSA Collective is defined as follows:

**ALL CURRENT AND FORMER WASTE DISPOSAL DRIVERS WHO WERE EMPLOYED BY COASTAL WASTE & RECYCLING, INC., AT ANY TIME FROM NOVEMBER 11, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

60. At all material times, Coastal Waste has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

61. At all material times, Coastal Waste has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

62. At all material times, Coastal Waste has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of waste disposal and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise

has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

63. Specifically, Coastal Waste employs numerous Waste Disposal Drivers to provide services in the waste disposal industry across the Southeastern United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

64. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Coastal Waste, these individuals provided services for Coastal Waste that involved interstate commerce for purposes of the FLSA.

65. In performing work for Coastal Waste, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

66. Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt employees who assisted Coastal Waste's customers throughout the United States. 29 U.S.C. § 203(j).

67. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

68. The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 59.

69. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Coastal Waste.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

70. Coastal Waste violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of trucks in the waste disposal industry, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

71. Moreover, Coastal Waste knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked, over forty (40) each week. 29 U.S.C. § 255(a).

72. Coastal Waste knew or should have known its pay practices were in violation of the FLSA.

73. Coastal Waste is a sophisticated party and employer and therefore knew (or should have known) its pay policies were in violation of the FLSA.

74. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Coastal Waste to pay them according to the law.

75. The decision and practice by Coastal Waste to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was neither reasonable nor in good faith.

76. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action collectively on behalf of Coastal Waste's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

79. Other similarly situated employees of Coastal Waste have been victimized by Coastal Waste's patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective is defined in Paragraph 59.

81. Coastal Waste's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Coastal Waste and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

82. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

86. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Coastal Waste will retain the proceeds of their violations.

87. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

88. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 59.

## VI.
## RELIEF SOUGHT

89. Plaintiffs respectfully pray for judgment against Coastal Waste as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 59;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Coastal Waste liable for unpaid wages, including unpaid overtime wages, due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

g. For an Order awarding Plaintiffs service awards as permitted by law;

h. For an Order compelling the accounting of the books and records of Coastal Waste, at Coastal Waste's expense (should discovery prove inadequate); and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: November 11, 2025,

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
101 North Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***and***

**MORGAN & MORGAN, P.A.**

**By:** */s/ Paul M. Botros, Esq.*
**Paul M. Botros**
Fla. Bar No. 0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3017
Email: pbotros@forthepeople.com

***Counsel for Plaintiffs and Putative Collective Members***